UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 2: 11-69-DCR-6 |
| V. | ) ) | |
| KEVIN LEE MULLINS, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Kevin Mullins is serving a 188-month term of imprisonment for his role in a conspiracy to distribute cocaine in the Northern Kentucky area. He has filed a motion for a sentence reduction under 18 U.S.C. § 3582(c). [Record No. 389] However, the Court finds that reduction of Mullins' sentence is unwarranted under the facts presented.[1]

Between 2003 and October 2011, Mullins and co-defendants Daniel Maley, Tina Mullins, Vincent Nunley, James Holt, Jesse Johnson, Charles Slone, Shasta Hodges, William Hensley, Carl Ridpath, Romaine Parm, and other unnamed individuals conspired to distribute

---

1   The Court has also concluded that appointment of counsel is not necessary. Further, this matter need not be scheduled for hearing to resolve the defendant's motion. There is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001).

  A motion filed under 18 U.S.C. § 3582(c)(2), "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual. As such, it does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011). Instead, the district court has discretion to determine whether appointment of counsel is warranted. Where, as here, the record and information possessed by the Court from the original sentencing is sufficient to consider any motion filed under 18 U.S.C. § 3582(c)(2), appointment of counsel would be unnecessary and a waste of resources.

cocaine and marijuana. [Record No. 260, pp. 1–2; Record No. 76] This was "one of the longest and wide-ranging" drug distribution conspiracies in the Northern Kentucky region during the relevant period. [Record No. 355, pp. 22–23] Holt was the leader of the organization. Maley and Johnson were mid-level distributors of both cocaine and marijuana. [Record No. 260, p. 2, ¶3(b)] Nunley provided the cocaine while Parm and Ridpath supplied marijuana. [*Id.*] Mullins and the remaining co-defendants were street-level distributors. [*Id.*] From March 2008 through October 2011, Kevin Mullins obtained approximately 400 to 500 grams of cocaine from Maley for distribution. [*Id.* p. 4, ¶3(h)] During his presentence interview, Mullins indicated that he was involved in the conspiracy for personal drug consumption rather than financial gain. [Record No. 232]

Mullins and his co-defendants were indicted on November 10, 2011, on conspiracy and other drug distribution charges. [Record No. 16] A Superseding Indictment filed two months later charged Mullins with conspiring to distribute more than 5 kilograms of cocaine (Count 1). [Record No. 76] On March 26, 2012, pursuant to a written Plea Agreement, Mullins entered a guilty plea to conspiring to distribute 400 to 500 grams of cocaine, a lesser included offense of Count 1 of the Superseding Indictment. [Record No. 182]

The Presentence Investigation Report ("PSR") calculated Mullins' Base Offense level for Count 1 as 24. However, the base level was enhanced to 34 due to Mullins' status as a career offender under United States Sentencing Guideline Section 4B1.1. The government moved for a three-level reduction based on Mullins' acceptance of responsibility, which resulted in a Total Offense Level of 31. As a career offender, Mullins was placed in Criminal History Category VI. Thus, his non-binding guideline range was 188 to 235 months. Considering Mullins' personal characteristics, role in the conspiracy, criminal

background, and other factors, the Court determined that a sentence of 188 months was sufficient, but not greater than necessary, to meet the applicable statory goals and objectives of 18 U.S.C. § 3553.

Mullins now asks the Court to reduce his sentence based on Amendment 782 to the United States Sentencing Guidelines, which became effective on November 1, 2014, and applies retroactively to certain drug offense cases as of November 1, 2015.  In addressing this motion, the Court considers *inter alia* the seriousness of the crime, the personal history and characteristics of the defendant, Mullin's acceptance or responsibility and cooperation, and deterrence of future crimes under 18 U.S.C. § 3553.  However, the circumstances of this case do not warrant a reduction of Mullins' term of imprisonment.

The Court considered and rejected arguments for a lesser term of imprisonment during the original sentencing hearing.  At that time, Mullins argued for a variance below the guidelines, contending that the Career Offender enhancements were excessive under the circumstances.  [*See* Record No. 232.]  This enhancement is based on prior convictions for a controlled substance offense and assault of an officer.  Mullins argued that he was one of the least culpable members of the conspiracy and that a term of imprisonment of 120 months would be sufficient to reflect the seriousness of the offense, for deterrence, to protect the public, and to provide Mullins with the necessary drug and alcohol treatment for his addiction.  [*Id.*]  The Court rejected these arguments and concluded that a total term of imprisonment of 188 months was the minimum sentence necessary to meet the applicable statutory goals and objectives of 18 U.S.C. § 3553.  The recent amendment to the drug tables does not alter this conclusion.

After reviewing the record and considering the statutory and other relevant factors, the Court finds that a reduction of Mullins' sentence is simply not warranted. A lesser term of incarceration would not provide sufficient specific or general deterrence in light of the Mullins' significant criminal background. Mullins' involvement in this conspiracy was far more than a single transgression, and the term of imprisonment previously imposed reflects the need for deterrence and the need to provide sufficient punishment for the offense. Mullins' past criminal history and experience with drug treatment suggests that there is a significant likelihood that he will continue his criminal behavior when released. While the costs of incarceration are substantial, they do not overcome the sentencing factors discussed above and considered previously. Accordingly, it is hereby

**ORDERED** that Defendant Kevin Mullins' motion for relief [Record No. 389] pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**.

This 13th day of April, 2015.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge